# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9686 | **DATE** | 5/15/2002 |
| **CASE TITLE** | Ekerman vs. City of Chgo et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 9/16/2002 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** Pending motions (Docs 10-1, 11-1, 14-1 & 15-1) to dismiss are granted. We dismiss all claims against the Chicago Police Department, Lesniak, Hillard, Mahnke, Reppen, and Chambers. The § 1983 claims against the City are also dismissed. Defendants are given to May 29, 2002 to answer the remaining claims in the complaint. All discovery to be completed by September 16, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | **MAY 16 2002** | |
| | Notified counsel by telephone. | | date docketed | 28 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SCT | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 16 2002

| | | |
|---|---|---|
| GLORIA M. EKERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO; Chicago Police | ) | 01 C 9686 |
| Department, an entity of the Chicago City | ) | |
| Government; Terry Hillard; Dennis Lesniak; | ) | |
| Gerard Mahnke; Penelope Trahanas, | ) | |
| Kevin Reppen and Diane Chambers, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on motions to dismiss by Defendants City of

Chicago ("the City"), Terry Hillard ("Hillard"), Dennis Lesniak ("Lesniak"), Gerard

Mahnke ("Mahnke"), Kevin Reppen ("Reppen"), and Diane Chambers ("Chambers").

For the reasons set forth below, the motions are granted.

## BACKGROUND

Plaintiff Gloria Ekerman ("Ekerman") is a police detective for Defendant City

of Chicago ("the City"). According to the complaint, beginning in December 2000

Ekerman was subjected to various remarks made by Deputy Chief of Police Dennis

Lesniak ("Lesniak"), which she contends created a hostile work environment. Ekerman

complained about this behavior both to the EEOC and to other superior officers. She alleges that Superintendent of Police Terry Hillard ("Hillard"), Commander of Detectives Gerard Mahnke ("Mahnke"), Sergeant Kevin Reppen ("Reppen"), and Police Nurse Diane Chambers ("Chambers") took retaliatory action against her for making these complaints. The actions in question included transfer from the Domestic Violence Unit to the Property Crimes Unit, deprivation of medical leave, and performance ratings that were lower than her work warranted.

The City, Hillard, Lesniak, Mahnke, Reppen, and Chambers have moved to dismiss certain counts of the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6).

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. Triad Associates, Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993).

The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege

facts sufficiently setting forth the essential elements of the cause of action. <u>Lucien v. Preiner</u>, 967 F.2d 1166, 1168 (7th Cir. 1992). With these principles in mind, we turn to the instant motions.

## DISCUSSION

As an initial matter, the City points out that although the complaint names the Chicago Police Department as a defendant, the department is a division of the City and has no independent legal existence. <u>Reese v. Chicago Police Dept.</u>, 602 F. Supp. 441, 443 (N.D. Ill. 1984). As such, the department is not suable and it is dismissed; indeed, because the complaint also names the City, mention of the department is redundant. <u>See</u> <u>McCraven v. City of Chicago</u>, 18 F. Supp. 2d 877, 881 (N.D. Ill. 1998).

### Title VII

Hillard, Lesniak, Mahnke, Reppen, and Chambers all move to dismiss the portions of the complaint that attempt to impose liability on them pursuant to Title VII. They correctly assert that Seventh Circuit caselaw clearly establishes that supervisors cannot be sued under that statute because they would not be considered employers for Title VII purposes. <u>See</u> <u>Williams v. Banning</u>, 72 F.3d 552, 555 (7th Cir. 1995); see also <u>EEOC v. AIC Sec. Investigations, Ltd.</u>, 55 F.3d 1276, 1281 (7th Cir. 1995) (holding that supervisors cannot be subject to individual liability under the ADA). Ekerman disagrees, citing language from <u>Vakharia v. Swedish Covenant Hosp.</u>, 824 F. Supp. 769, 785 (N.D. Ill. 1993). She ignores the fact that not only did <u>Banning</u> and <u>AIC</u> explicitly

hold the opposite of <u>Vakharia</u> but a later opinion issued in that case acknowledged the change in the applicable law. <u>Vakharia v. Swedish Covenant Hosp.</u>, 987 F. Supp. 633, 635-36 (N.D. Ill. 1997). In addition, the cases Ekerman cites from other circuits that would support her position are no longer good law within those circuits. <u>See</u> <u>Wathen v. General Elec. Co.</u>, 115 F.3d 400, 405 (6th Cir. 1997); <u>Haynes v. Williams</u>, 88 F.3d 898, 899 (10th Cir. 1996) (reiterating, despite <u>Ball v. Renner</u>, 54 F.3d 664, that 10th Circuit caselaw holds that individual supervisors are not subject to liability under Title VII); <u>Grant v. Lone Star Co.</u>, 21 F.3d 649, 652, 653 (5th Cir. 1994) (reversing district court's imposition of liability on branch manager under Title VII); <u>Harvey v. Blake</u>, 913 F.2d 226, 227-28 (5th Cir. 1990) (specifically rejecting to read <u>Hamilton v. Rodgers</u> as allowing individual liability under Title VII) .

Ekerman's complaint contains no indication that the Hillard, Lesniak, Mahnke, Reppen, and Chambers would fit Title VII's definition of "employer." It alleges only that they, like Ekerman, were City employees. As such, any claims premised on Title VII against those five defendants cannot stand and are dismissed.

**Municipal Liability Under § 1983**

With regard to the claims brought under 42 U.S.C. § 1983, Ekerman first attempts to bring an action against the City itself. To establish municipal liability, Ekerman must allege enforcement of an express policy that violates her federal rights, a widespread practice so pervasive and accepted that it takes on the force of law, or a

federal injury caused by a city official with final policymaking authority. Ineco v. City of Chicago, 286 F.3d 994, 998 (7th Cir. 2002); McCormick v. City of Chicago, 230 F.3d 319, 324 (7th Cir. 2000). Ekerman has chosen to pursue the third route, arguing that Hillard, Lesniak, and Mahnke are high-ranking officials with policymaking power whose alleged constitutional wrongs against her can be imputed to the City. Even assuming that the actions of these defendants rose to the level of an injury of constitutional proportions, as a matter of law they are not policymakers for the City and their actions cannot be a basis for municipal liability under § 1983. Neither the Superintendent of Police, here Hillard, nor lower-ranking officers, such as Lesniak and Mahnke, are the final policymaking authority for matters involving the Chicago Police Department. See, e.g., Auriemma v. Rice, 957 F.2d 397, 401 (7th Cir. 1992). This deficiency leads to the inescapable conclusion that Ekerman has not alleged a proper claim against the City under § 1983.

**Individual Liability Under § 1983**

All five individual defendants have asserted qualified immunity from Ekerman's § 1983 action. It thus becomes her burden to show they are not entitled to the defense. Spiegel v. Cortese, 196 F.3d 717, 723 (7th Cir. 1999). To shoulder this burden, Ekerman must pass the threshold hurdle of showing a deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States. 42 U.S.C.

§ 1983. Without a statutory or constitutional violation, the defense remains intact. Saucier v. Katz, 121 S.Ct. 2151, 2156 (2001).

The complaint relies on only two statutes, Title VII and § 1983. Neither will suffice to underlie Ekerman's § 1983 claims. As stated earlier, the individual defendants are not "employers." Thus, none of their behavior is actionable under Title VII, and Ekerman cannot allege Title VII violations by those parties as a foundation for § 1983 liability. See Huebschen v. Dept. of Health and Human Servs., 716 F.2d 1167, 1170-71 (7th Cir. 1983). Furthermore, Ekerman cannot use § 1983 itself for this purpose. Besides the absurd tautology that would result, it is well settled that § 1983 is not an independent fount of federal rights but only the mechanism for obtaining vindication of rights conferred elsewhere. Graham v. Connor, 109 S.Ct. 1865, 1870-71 (1989).

If Ekerman is to defeat defendants' assertion that they are entitled to qualified immunity, therefore, she must show a violation of her constitutional rights. Her complaint alludes to two separate areas: sexual harassment prohibited by the equal protection clause of the Fourteenth Amendment and unlawful retaliation for First Amendment activities, namely lodging complaints of the alleged sexual harassment.

The City argues that Ekerman's allegations of harassment by Lesniak involve only his isolated comment about her height. Employment decisions based solely on height do not violate the equal protection clause; neither can a coworker's mere

- 6 -

recognition of a plaintiff's physical stature. See Dothard v. Rawlinson, 97 S.Ct. 2720, 2726 (1977) (holding that employer's decisions based on a facially neutral height standard must show a significant discriminatory pattern to establish an equal protection violation); Dey v. Colt Construction and Development Co., 28 F.3d 1446, 1456 (7th Cir. 1994) (holding that a single remark cannot create a hostile work environment). The slight Ekerman suffered at the comment about her height does not implicate her sex or membership in any other protected class, so there can be no violation of her equal protection rights, and Lesniak is entitled to qualified immunity. Huebschen, 716 F.2d at 1171.

Finally, we must examine Ekerman's claim of First Amendment retaliation, which implicates the other four individual defendants. These claims fail for two reasons. First, to be protected by the First Amendment, a plaintiff's speech must relate to a matter of public concern. Connick v. Myers, 103 S.Ct. 1684, 1689 (1983). In the context of sexual harassment in the workplace, if complaints of sexual harassment are motivated only by a desire to end the harassment, the speech does not relate to a matter of public concern and therefore cannot form the basis of a retaliation claim See, e.g., Johnson v. Univ. of Wisconsin-Eau Claire, 70 F.3d 469, 482-83 (7th Cir. 1995); Gray v. Lacke, 885 F.2d 399, 411 (7th Cir. 1989). Second, Ekerman's responses premise the

individual liability of Hillard, Mahnke, Chambers, and Reppen[1] on her assertion that they held final policymaking power for the City. Even if this were an accurate characterization of the authority of these defendants (which, as discussed above, it is not), the ability to set policy for the municipality is irrelevant to individual liability under § 1983. In short, Ekerman has failed to allege any violation of her federal rights by Hillard, Mahnke, Chambers, or Reppen, and therefore they are qualifiedly immune from her suit.

## CONCLUSION

Based on the foregoing analysis, we dismiss all claims against the Chicago Police Department, Lesniak, Hillard, Mahnke, Reppen, and Chambers. The § 1983 claims against the City are also dismissed.

Charles P. Kocoras
United States District Judge

Dated: _____ May 15, 2002 _____

---

[1] In point of fact, Ekerman filed no response to Reppen's motion to dismiss. Given the identical nature of her responses to the positions of the other defendants, we presume that she would have made this argument with regard to Reppen as well.