Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9686 | **DATE** | 3/12/2003 |
| **CASE TITLE** | Ekerman vs. City of Chgo et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendants' motions (Docs 34-1 & 37-1) for summary judgment are granted. We grant summary judgment for defendants on all remaining claims.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 13 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 45 |
| ✓ | Mail AO 450 form. | | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | 03 MAR 12 AM 11:46 Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLORIA M. EKERMAN,  )
 )
Plaintiff,  )
 )
vs.  ) 01 C 9686
 )
CITY OF CHICAGO, et al.,  )
 )
Defendants.  )

DOCKETED
MAR 1 3 2003

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on motions for summary judgment brought by Defendants City of Chicago (the "City") and Chicago Police Sergeant Penelope Trahanas ("Sgt. Trahanas"). For the reasons set forth below, we grant both motions.

## BACKGROUND

Plaintiff Gloria Ekerman began working as a police officer for the Chicago Police Department ("CPD") in 1986. She became a detective in 1998 and currently retains that position. Beginning in December 2000 she alleges she was subjected to religious, sexual, and racial discrimination and retaliation in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1983. She filed a complaint against several defendants, most of whom were dismissed.



(Dkt. 28.) The only remaining defendants are the two summary judgment movants, the City and Sgt. Trahanas.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. *Id.* The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. *Id.* A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Local Rules of this Court require a party moving for summary judgment to file a "a statement of material facts as to which the moving party contends there is no genuine issue". Local Rule 56.1(a)(3). The City and Sgt. Trahanas each filed a

56.1(a)(3) statement of material facts pursuant to their respective motions. Ekerman, however, failed to respond to the statements of fact as required by Local Rule 56.1(b)(3)(A). She also declined to submit her own statement of additional facts as provided for in Local Rule 56.1(b)(3)(B). Thus, all we have is Defendants' versions of the facts, which are deemed admitted. *See* Local Rule 56.1(b)(3)(B) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *see also Michas v. Health Cost Controls of Illinois, Inc.*, 209 F.3d 687, 689 (7th Cir. 2000). On this limited record, we now address the motions before us.

## DISCUSSION

As an initial matter, we dismiss any Title VII claims Ekerman asserts against the individual Sgt. Trahanas because the Seventh Circuit has held that a supervisor, in her individual capacity, cannot be held liable under Title VII. *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). We now turn to the Title VII claims against the City and the section 1983 claim against Sgt. Trahanas.

### I. Title VII Discrimination

Title VII prohibits employer discrimination "against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Ekerman alleges that she was subjected to hostile work environment discrimination on account of her religion (Judaism), gender, and race (white). In order to establish a prima facie case of hostile work environment discrimination under Title VII, a plaintiff must show that: (1) she was subjected to unwelcome harassment; (2) the harassment was based on her membership in a protected class; (3) the harassment had the effect of unreasonably interfering with the plaintiff's work performance in creating an intimidating, hostile or offensive working environment that affected seriously the psychological well-being of the plaintiff; and (4) there is a basis for employer liability. *Parkins v. Civil Constructors of Illinois, Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998).

<u>Hostile Work Environment Based on Religious Discrimination</u>

Ekerman's religious discrimination case relies on one alleged incident in December 2000 in which a fellow detective, Jack Lieblick, called her a "cheap Jew." As a fellow detective, Lieblick was not a supervisor to Ekerman. This is significant because, although an employer is generally strictly liable if the plaintiff's supervisor created the hostile work environment, an employer is only liable for a hostile work environment created by a coworker if the employer was negligent either in discovering or remedying the harassment. *Mason v. Southern Illinois Univ. at Carbondale*, 233 F.3d 1036, 1043 (7th Cir. 2000). Ekerman never complained about the alleged anti-Semitic comment until she did so in an EEOC charge filed eight months later.

Moreover, she was never again subjected to another anti-Semitic comment by Detective Lieblick or anyone else at the CPD. On these facts, no reasonable jury could find that the City negligently failed to discover or remedy the alleged harassment.

In addition to showing a basis for employer liability, Ekerman "must show that she was subjected to harassment so severe or pervasive that it altered the conditions of her employment." *Patt v. Family Health Sys., Inc.*, 280 F.3d 749, 754 (7th Cir. 2002). Ekerman is unaware of Lieblick ever making a similar comment to her or anyone else. She further admits that, although working with Lieblick before and after the alleged incident, she has never encountered any other problems with him. A single isolated comment is not enough to alter the conditions of one's employment. *Adusumilli v. City of Chicago*, 164 F.3d 353, 356 (7th Cir. 1998) (isolated incidents and offhand comments do not amount to hostile work environment harassment); *Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430-31 (7th Cir. 1995) (a "handful of comments spread over months" does not add up to sexual harassment).

<u>Hostile Work Environment Based on Sexual Discrimination</u>

Ekerman's sexual discrimination case relies on one sex-neutral remark allegedly made by Deputy Chief Dennis Lesniak on March 30, 2001. Ekerman alleges that, while at Area 4 headquarters (Ekerman's area was Area 5), Lesniak called out from behind her and said: "Boy are you short. How tall are you? How can you do this job?

-5-

Something to that effect." Ekerman, being 4'10" tall and weighing 92 pounds, alleges that this remark constituted sexual harassment. Title VII only protects employees from discrimination based on enumerated classes, namely: race, color, religion, sex, and national origin. *See* 42 U.S.C. § 2000e-2. The statute does not prohibit discrimination on the basis of height or size. Lesniak never made any explicit reference to her gender. Moreover, Ekerman offers no evidence to support a finding that the remark, despite being sex-neutral on its face, was actually made on account of her gender.

Hostile Work Environment Based on Racial Discrimination

Ekerman's racial discrimination case is directed at her supervisor, Sgt. Trahanas, who is black. (Ekerman is white.) On June 23, 2001, Sgt. Trahanas allegedly scolded Ekerman in front of her colleagues. Later that day, Sgt. Trahanas allegedly scolded her again in private and struck her on her shoulder. Ekerman offers no allegations or evidence as to the substance of the scolding. Her entire case regarding racial discrimination is based on the fact that she is white and the defendant is black and her unsupported allegation that her race contributed to the alleged scolding and battery. Ekerman's failure to offer any evidence that the alleged harassment was on account her being white is fatal to her claim at this stage of the litigation. *Celotex*, 477 U.S. at 325 (mere allegations are not enough at the summary judgment stage). Additionally, as

explained above, isolated incidents are not enough to establish a prima facie case of hostile work environment discrimination. *Adusumilli*, 164 F.3d at 356.

I. **Title VII Retaliation**

Title VII prohibits employer discrimination against an employee on account of her opposition to employer discrimination that is prohibited under Title VII. 42 U.S.C. § 2000e-3(a). In order to establish a prima facie case of retaliation under Title VII, a plaintiff must show that: "(1) she engaged in statutorily protected activity; (2) she performed her job according to her employer's legitimate expectations; (3) despite meeting her employer's legitimate expectations, she suffered a materially adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity." *Hilt-Dyson v. City Of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). The City argues that she failed to establish three of the four required elements of her cause of action.

The City maintains that Ekerman never engaged in statutorily protected activity in the first place. Ekerman alleges she was retaliated against for filing a report regarding Deputy Chief Lesniak's comments about her being short with the CPD's Internal Affairs Division. The City states that Ekerman's report does not constitute statutorily protected activity because Lesniak's height-based comments do not violate Title VII. While it is true that "an employee may engage in statutorily protected

expression under section 2000e-3(a) even if the challenged practice does not actually violate Title VII," the employee must have "a sincere and reasonable belief that [s]he is opposing an unlawful practice." *Hamner v. St. Vincent Hosp. and Health Care Center, Inc.*, 224 F.3d 701, 707-08 (7th Cir. 2000). Although complained-of activity may not be of a sufficient degree, it must be of a prohibited type:

> [E]ven if the degree of discrimination does not reach a level where it affects the terms and conditions of employment, if the employee complains and the employer fires him because of the complaint, the retaliation claim could still be valid. But the complaint must involve discrimination that is prohibited by Title VII. The plaintiff must not only have a subjective (sincere, good faith) belief that he opposed an unlawful practice; his belief must also be objectively reasonable, which means that the complaint must involve discrimination that is prohibited by Title VII. Sexual orientation is not a classification that is protected under Title VII; thus homosexuals are not members of a protected class under the law.

*Hamner*, 224 F.3d at 708. The *Hamner* court then noted that the complained-of activity, discrimination based on sexual orientation, was not prohibited under Title VII and affirmed the district court's judgment of no retaliation as a matter of law. *Id.* Discrimination against an employee on the basis of her height, just as on the basis of sexual orientation, is not proscribed by Title VII. *See* 42 U.S.C. § 2000e-2 (prohibiting only discrimination based on race, color, religion, sex, or national origin). Although Ekerman maintains that Lesniak's alleged height-based comments were really a front for sexual discrimination, she does not offer any evidence in support. Without any

evidence of sexual animus on the part of Lesniak, Ekerman's subjective belief that the sex-neutral remarks were motivated by her sex is unreasonable. As a matter of law, Ekerman did not engage in statutorily protected activity.

As an independent reason for summary judgment, the City states that Ekerman did not suffer any materially adverse employment actions. Ekerman alleges that she was retaliated against in the following ways: transferred from domestic violence investigations to burglary investigations; denied medical leave; transferred from Area 5 to Area 3 of the CPD; and given a lower job performance rating than she had received in the past. Both transfers were lateral in nature and "a *purely* lateral transfer, that is, a transfer that does not involve a demotion in form or substance, cannot rise to the level of a materially adverse employment action." *Williams v. Bristol-Myers Squibb, Inc.*, 85 F.3d 270, 274 (7th Cir. 1996). Moreover, the transfer from Area 5 to Area 3 was voluntary and only instituted at Ekerman's option. (City Stmt. of Facts ¶ 93.) Regarding Ekerman's complaint that she received a lower than deserved job performance rating is also not a materially adverse employment action. *Grube v. Lau Indus.*, 257 F.3d 723, 729 (7th Cir. 2001) ("unfair reprimands or negative performance evaluations, unaccompanied by some tangible job consequence, do not constitute adverse employment actions"). Although we find her transfers and job performance ratings not materially adverse employment actions as a matter of law, a denial of

medical leave can constitute such an action. *See Basith v. Cook County*, 2000 WL 246255, *12 (N.D. Ill. Feb. 24, 2000) ("Additionally, the court found no authority to suggest that requiring an employee to take medical leave can be considered an adverse employment action. In fact, the opposite is often true.").

The City also maintains that Ekerman has not offered any evidence to support a finding that she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. The City is correct. Ekerman has utterly failed to submit any evidence in support of this element of the prima facie case of retaliation.

Even assuming she set forth a prima facie case, Ekerman has failed to rebut the City's legitimate motive for transferring her, denying her medical leave, and giving her a less than expected job performance evaluation. If a plaintiff sets forth a prima facie case, the defendant "must offer a legitimate, noninvidious reason for the adverse employment action." *Hilt-Dyson*, 282 F.3d at 465. If the defendant offers such a reason, "the burden of production shifts back to the plaintiff to demonstrate the pretextual nature of the proffered reason." *Id.* If the plaintiff "fails to establish pretext, her retaliation claim cannot survive summary judgment." *Id.* The City offers legitimate reasons for its actions. She was transferred (along with four other policemen) from domestic violence to burglary investigations to help boost Area 5's

declining arrest rate for burglaries. She was transferred from Area 5 to Area 3 because she so chose. She was denied medical leave because her own medical records indicated she could return to work.[1] She received a job evaluation by one of her supervisors, Sergeant Kevin Reppen, of 85 out of a total 100 because that is what Sgt. Reppen determined was warranted. Since the City proffers legitimate, noninvidious reasons for the complained-of actions, Ekerman must demonstrate the pretextual nature of the proffered reasons. Instead of attempting to meet this burden, Ekerman wholly ignores the issue in her opposition brief. This is fatal to her cause of action.

## II. Section 1983

Ekerman alleges that Sgt. Trahanas is personally liable under section 1983 for violating her rights under section 1983 which states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . .."

---

[1] Her medical leave request was based on an alleged injury she received when Sgt. Trahanas allegedly struck her. After the alleged battery, Ekerman drove to Resurrection Health Care and admitted herself to the emergency room. Upon returning to work, the CPD medical staff denied her medical leave request because Ekerman's own medical records from Resurrection Health Care indicated that she could return to work immediately without restrictions.

42 U.S.C. § 1983. The first step in analyzing a section 1983 claim is to identify the specific right allegedly infringed. *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 471 (7th Cir. 1997). Both Ekerman's complaint and opposition brief merely reference section 1983 and wholly fail to set forth any theory of liability, much less identify what right was infringed. All the record reveals is that Ekerman alleges Trahanas publicly and privately scolded her, struck her, and transferred her from domestic violence to burglary investigations. The fact that her boss allegedly scolded her, whether publicly or privately, does not implicate any legal right or privilege. The fact that her boss allegedly struck her only implicates state law for civil and criminal battery. The fact that she was laterally transferred to investigate burglary rather than domestic violence cases also does not implicate any right or privilege. Thus, Ekerman fails to sufficiently allege that Sgt. Trahanas violated a federal right or privilege of hers.

## CONCLUSION

Based on the foregoing analysis, we grant summary judgment for Defendants on all remaining claims.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAR 12 2003